UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NINORA, LLC,

          CASE NO.: _____

    Plaintiff,

vs.

MT. HAWLEY INSURANCE COMPANY,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Mt. Hawley Insurance Company ("Mt. Hawley"), by and through undersigned counsel, hereby files this Notice of Removal of this action from the Circuit Court of the 4th Judicial Circuit in and for Duval County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division, the district and division in which the 4th Judicial Circuit is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§1441 and 1446.  In support hereof, Mt. Hawley respectfully shows this Court as follows:

1. On April 25, 2022, NINORA, LLC ("Plaintiff") commenced an action against Mt. Hawley in the 4th Judicial Circuit in and for Duval County, Florida, entitled *Ninora, LLC v. Mt. Hawley Insurance Company*, pending as CASE NO. 16-2022-CA-002270-XXXX-MA Div: CV-A (the "State Court Case").  *See* Complaint, **Exhibit "B."**

2. On April 29, 2022, Mt. Hawley's registered agent was served with the Summons and Complaint in the State Court Case.  Removability could not be ascertained based on the face of the initial Complaint as the Plaintiff solely alleges damages exceeding the circuit court jurisdictional minimum as is permitted under the Florida Rules of Civil Procedure. *See* **Exhibit B**, ¶2. However, on July 14, 2022, an estimate of damages was provided to Mt. Hawley's counsel, which totals $213,343.87. *See* **Exhibit E**, p. 40. As such, removal is timely because thirty (30) days have not

elapsed since Mt. Hawley first received information that this case is one which has become removable, as required by 28 U.S.C. §1446(b)(3).

3. A copy of this Notice of Removal will be filed with the State of Florida Circuit Court in Duval County, and a copy of this Notice of Removal will also be served on Plaintiff.

4. In accordance with Local Rule 1.06, a legible copy of each paper docketed in the state court case, a copy of the state court docket sheet, a complete list of all counsel of record, as well as an index of such documents are attached hereto as **Exhibits A – F** as follows:

> **Exhibit A** An index of matters being filed;
>
> **Exhibit B** All pleadings (the Complaint) asserting causes of action;
>
> **Composite Exhibit C** A legible copy of each paper docketed in the state court case;
>
> **Exhibit D** State Court Case docket sheet;
>
> **Exhibit E** Plaintiff's estimate of damages totaling $213,343.87;
>
> **Exhibit F** List of all counsel of record and contact information.

5. Plaintiff has requested a trial by jury in the State Court Case.

6. Mt. Hawley has filed contemporaneously with this Notice a civil cover sheet.

## Basis for Removal: Diversity

7. This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332, in that this is a civil action where the matter in controversy exceeds $75,000, and is between citizens of different States.

### A. The amount in controversy exceeds the federal minimum jurisdictional requirements.

8. Plaintiff's Complaint in the State Court Case contends that the subject property located at 4565 Lexington Ave., Jacksonville, FL 32210 (the "Property") is insured under a policy of commercial property insurance issued by Mt. Hawley, Policy Number GPK0013250, to Plaintiff

Ninora, LLC. *See* **Exhibit B**, Compl. at ¶¶4-7. Plaintiff's Complaint contends that "Plaintiff sustained damage to the Property as [a] result." *See* **Exhibit B**, Compl. at ¶8. Plaintiff's Complaint further alleges that Mt. Hawley breached the Policy. *See id.* at ¶¶ 12, 17. According to the Complaint, Plaintiff seeks "damages in excess of $30,000.00 dollars, exclusive of interest and attorneys' fees." *See id.* at ¶2.

9. On July 14, 2022, an estimate of damages was provided to Mt. Hawley's counsel relating to the subject Property, which totals $213,343.87. *See* **Exhibit E**, p. 40.

10. Accordingly, while Mt. Hawley denies that Plaintiff's claim is covered under the Policy, the amount in dispute exceeds $75,000, exclusive of interest and costs.

    **B.**   **There is complete diversity between Plaintiff and Mt. Hawley.**

11. Under the diversity statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. §1332(c)(1). For purposes of federal diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen; with respect to partnerships, courts look to the citizenship of all partners. *E.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) (limited liability companies); *Cherry Grp., LLC v. D.B. Zwirn Special Opportunities Fund, L.P.*, 2014 WL 2801076, *1 (M.D. Fla. June 19, 2014) (limited liability partnerships).

12. Plaintiff is a Florida limited liability company, its principal place of business is in Florida, and all of its managers and/or members reside in and are citizens of Florida. Thus, Plaintiff is a citizen of the State of Florida.

13. Defendant Mt. Hawley is a corporation organized under the laws of Illinois, with its principal place of business in Illinois. Accordingly, Mt. Hawley is a citizen of the State of Illinois for purposes of determining diversity jurisdiction.

14. Complete diversity exists in this case and removal is proper because Plaintiff is a citizen of Florida and Defendant Mt. Hawley is a citizen of Illinois.

WHEREFORE, Defendant Mt. Hawley Insurance Company prays that the above-described action now pending in the Circuit Court of the 4th Judicial Circuit in and for Duval County, Florida, be removed to this Court.

Respectfully submitted,

/s/ Marcus G. Mahfood
Marcus G. Mahfood [FBN: 41495]
**CHARTWELL LAW**
100 SE 2nd Street, Suite 2150
Miami, FL 33131
Telephone (305) 372-9044
Fascimile (305) 372-5044
mmahfood@chartwelllaw.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure, on this 11th day of August, 2022, as follows:

Brian Wisniewski, Esq.
FBN: 95785
James H. Dygert, Esq.
FBN: 1028339
The Loss Recovery Law Group
20295 NE 29th Place, Suite 201
Aventura, FL 33180
T: (305) 900-6212
F: (305) 692-0735
Email: brian@losslaw.com
**Attorneys for Plaintiff**

/s/ Marcus G. Mahfood
Marcus G. Mahfood