```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
NINORA LLC,                                                          :
                                                                     :
                              Plaintiff,                             :
                                                                     :    22-cv-9018 (LJL)
            -v-                                                      :
                                                                     :    MEMORANDUM AND
MT. HAWLEY INSURANCE COMPANY,                                        :        ORDER
                                                                     :
                              Defendants.                            :
                                                                     :
---------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

The complaint in this case was originally filed in Florida state court on April 25, 2022. Dkt. No. 1. It was subsequently removed to the United States District Court for the Middle District of Florida on August 11, 2022. *Id*. Defendant Mt. Hawley Insurance Company ("Defendant") then moved to transfer the case to the Southern District of New York. Dkt. No. 8. Plaintiff Ninora LLC ("Plaintiff") did not oppose the motion to transfer. The Middle District of Florida transferred the case to this District on October 19, 2022. Dkt. No. 11.

The Court scheduled an initial pretrial conference for November 18, 2022. Both Plaintiff and Defendant appeared. Plaintiff's counsel indicated that it was unclear whether they would represent Plaintiff in this District. The Court adjourned the initial pretrial conference to December 2, 2022. At that conference, Plaintiff did not appear, and the Court issued an order that Plaintiff show cause no later than December 27, 2022, as to why Plaintiff's case should not be dismissed for failure to prosecute. Dkt. No. 15. The Court further ordered that Plaintiff show cause at a telephonic hearing on January 6, 2023. *Id*. The order stated that "[f]ailure to appear may give rise to dismissal of the action without prejudice for failure to prosecute." *Id*. Defendant also served the Court's order on Plaintiff on December 12, 2022. Dkt. No. 16.

Plaintiff did not appear at the show cause hearing on January 5, 2023. Defendant timely filed its motion to dismiss for failure to prosecute, with supporting declaration and memorandum of law, on on January 20, 2023. Dkt. Nos. 17–19. Defendant served that motion on counsel for Plaintiff on January 20, 2023. Dkt. No. 20.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action . . . for failure to prosecute . . . or failure to comply with an order of the Court." *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

A court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *see also Baptiste*, 768 F.3d at 216.

Dismissal of this case for failure to prosecute is appropriate under these factors. After having filed its complaint, Plaintiff has not prosecuted its case since its removal to federal court on August 11, 2022. "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at

629 (citation omitted), but "[d]elays of several months" have been found sufficient. *Id.* (collecting cases). Plaintiff was given notice in the Court's order at Dkt. No. 15 that failure to show cause at the January 6, 2023 conference would result in dismissal. Further, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiff's "failure to prosecute and . . . failures to appear at court-ordered conferences demonstrate that any lesser sanction would be 'an exercise in futility.'" *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010).

For the foregoing reasons, the case is dismissed for failure to prosecute. The Clerk of Court is respectfully directed to close Dkt. No. 17 and to close the case.

SO ORDERED.

Dated: April 17, 2023
      New York, New York

                                         LEWIS J. LIMAN
                                      United States District Judge